U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 2 8 2015
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| Sarah Charette, | : |
| | : |
| Plaintiff, | : Civil Action No.: 15-5176 TLB |
| v. | : |
| | : **COMPLAINT AND DEMAND FOR** |
| Progressive Finance Holdings, LLC, | : **JURY TRIAL** |
| | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, Plaintiff, Sarah Charette, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Sarah Charette ("Plaintiff"), is an adult individual residing in Cave Springs, Arkansas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Progressive Finance Holdings, LLC ("Progressive"), is a Utah business entity with an address of 11629 South 700 East, Draper, Utah 84020 and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. In or around December 2014, Progressive began calling Plaintiff on her cellular phone, number 479-xxx-2941, in an attempt to reach an individual named "Randolph."

6. At all times mentioned herein, Progressive placed calls to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS" or "predictive dialer").

7. Plaintiff does not know "Randolph" and never provided her consent to Progressive to call her cellular phone.

8. When Plaintiff answered calls from Progressive, she heard silence and had to wait on the line to be connected to a live representative.

9. In or around January 2015, Plaintiff spoke with a live representative and explained that Progressive was calling the wrong number. Plaintiff therefore requested that the calls to her cellular phone cease.

10. In response, the representative told Plaintiff that her number would be removed from Progressive's system.

11. Nevertheless, Progressive continued to place automated calls to Plaintiff's cellular phone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein, Defendant called Plaintiff on her cellular phone using an ATDS.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendant's telephone system(s) have some earmarks of a predictive dialer.

16. When Plaintiff answered calls from Progressive, she heard silence before Defendant's telephone system would connect her to the next available representative.

17. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Defendant placed automated calls to Plaintiff's cellular phone knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Punitive damages; and
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 21, 2015

Respectfully submitted,

By _____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff